1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ADOLFO JAVIER VILLA, aka,
RAMON VILLA CONTRERAS,

     Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:14-cv-00343-HDM-VPC

**ORDER**

     This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss the petition.  (ECF No. 13).

**I. Procedural History**

     On August 28, 2009, petitioner was charged with attempted burglary in Nevada's Eighth Judicial District Court.  (Exhibit 1).  On November 10, 2009, the State filed its notice of habitual criminality.  (Exhibit 2).  On December 1, 2009, petitioner plead guilty to the attempted burglary charge.  (Exhibit 3).  On March 4, 2010, a sentencing hearing was held but was continued to give petitioner the opportunity to challenges the validity of some of the judgments of conviction used to support sentencing under the habitual criminal statutes.  (Exhibit 4).  On March 8, 2010, petitioner filed a motion to redact the habitual criminal enhancement.  (Exhibit 5).  On April 1, 2010,

petitioner was sentenced under the large habitual criminal statute.  Petitioner was sentenced to life in prison with a minimum parole date after 10 years.  (Exhibit 8).  On April 12, 2010, the state district court filed the judgment of conviction.  The judgment of conviction reflected petitioner's adjudication of felony attempted burglary and sentencing under Nevada's large habitual criminal statute.  Petitioner's sentence of 10 years to life in prison was to run consecutive to a previous conviction in Case No. C252762.  (Exhibit 9).

Petitioner appealed his judgment of conviction.  (Exhibit 10).  On October 1, 2010, petitioner filed an opening brief.  (Exhibit 11).  Respondents filed an answering brief, and petitioner filed a reply brief.  (Exhibits 12 & 13).  On March 17, 2011, the Nevada Supreme Court affirmed petitioner's conviction.  (Exhibit 14).  Remittitur was issued on June 6, 2011.  (Exhibit 15).

On November 7, 2011, petitioner filed a post-conviction habeas petition in the state district court.  (Exhibit 16).  On January 9, 2012, the State filed a response to the petition.  (Exhibit 17).  On December 6, 2012, petitioner filed a supplemental state habeas petition.  (Exhibit 18).  On February 5, 2013, the State filed its response to the supplemental petition.  (Exhibit 19).  On March 22, 2013, petitioner filed reply to the State's opposition to the supplemental petition.  (Exhibit 20).  On May 9, 2013, the state district court denied the post-conviction habeas petition.  (Exhibit 22).

Petitioner appealed the state district court's denial of his post-conviction habeas petition.  (Exhibit 22).  Petitioner's opening brief was filed on December 12, 2013.  (Exhibit 23).  On December 17, 2013, petitioner filed an amended opening brief asserting the same claims as were asserted in his original opening brief.  (Exhibit 24).  On January 13, 2014, the State filed its answering brief.  (Exhibit 26).  On February 12, 2014, petitioner filed his reply brief.  (Exhibit 27).  On May 12, 2014, the Nevada Supreme Court affirmed the state district court's denial of the post-conviction habeas petition.  (Exhibit 29).  Remittitur issued on June 6, 2014.[1]

Petitioner dispatched his federal habeas petition to this Court on June 25, 2014.  (ECF No. 1-1).  On October 15, 2014, this Court granted petitioner's application to proceed *in forma pauperis*

_____

[1] Remittitur issued on June 6, 2014.  Nevada Appellate Case Management System, http://caseinfo.nvsupremecourt.us/public/caseSearch.do (last visited on March 21, 2016).

1    and directed the Clerk of Court file the petition.  (Exhibits 3 & 4).  Respondents seek dismissal of

2    certain grounds of the petition.  (ECF No. 13).  Petitioner filed a response to the motion to dismiss.

3    (Exhibit 19).  Respondents filed a reply on April 1, 2015.  (Exhibit 20).  Petitioner filed an

4    additional response to the motion to dismiss.  (Exhibit 21).  Respondents filed an additional reply.

5    (Exhibit 22).

6    **II.  Discussion**

7        **A.  Ground 2**

8        Respondents seek dismissal of Ground 2 of the petition because the claim is unexhausted.

9    Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a

10   claim before presenting that claim to the federal courts.  To satisfy the exhaustion requirement, the

11   claim must have been fairly presented to the state courts completely through to the highest court

12   available, in this case, the Nevada Supreme Court.  *See, e.g., Peterson v. Lampert*, 319 F.3d 1153,

13   1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state

14   courts, the petitioner must refer to the specific federal constitutional guarantee and must also state

15   the facts that entitle the petitioner to relief on the federal constitutional claim.  *Shumway v. Payne*,

16   223 F.3d 983, 987 (9th Cir. 2000).  Fair presentation requires that the petitioner present the state

17   courts with both the operative facts and the federal legal theory upon which the claim is based.  *See,*

18   *e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement ensures

19   that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon

20   and correct alleged violations of federal constitutional guarantees.  *See Coleman v. Thompson*, 501

21   U.S. 722, 731 (1991).

22       In Ground 2 of the federal petition, petitioner asserts that his right to a speedy trial was

23   violated.  (ECF No. 4, at p. 5).  Respondents contend that petitioner did not present his speedy trial

24   claim to the Nevada Supreme Court, either on direct appeal or on appeal from the denial of his post-

25   conviction habeas petition.  The Court agrees that petitioner did not present his substantive speedy

26   trial claim to the Nevada Supreme Court.  Further, in his response to the motion, petitioner concedes

27   that his speedy trial claim is unexhausted.  (ECF No. 19).  Petitioner further seeks to abandon

28   Ground 2 and proceed on Grounds 1 and 3 of the petition.  (*Id.*, at p. 2).  As outlined at the

conclusion of this order, Ground 2 is dismissed as abandoned and respondents shall address the remaining grounds of the petition in an answer.

**B. Ground 1(b)**

Respondents argue that petitioner waived any pre-plea constitutional defects and cannot seek relief on a claim of anything but the voluntary or intelligent nature of his plea under *Tollett v. Henderson*, 411 U.S. 258 (2011).  Respondents argue that Ground 1(b) must be dismissed because it asserts that counsel failed to prepare for trial, when there was no trial, but rather, a petitioner entered a guilty plea.  While Ground 1(b) of the *pro per* petition mentions trial counsel in the title of the claim, the substance of the claim pertains to whether the plea was voluntary based on the actions of his counsel.  (ECF No. 4, at pp. 4-5).  Thus, Ground 1(b) is no different from Grounds 1(a) and 1(c), in that all claims within Ground 1 pertain to the voluntariness of petitioner's guilty plea, specifically, "whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (explaining legal standard where ineffectiveness of counsel is alleged to have invalidated a plea).  Accordingly, the Court will not dismiss Ground 1(b) and instead will require that respondents address the entirety of Ground 1 on the merits.

**III.  Conclusion**

Respondents' motion to dismiss (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART**, as follows: (1) respondents' motion to dismiss Ground 2 of the petition is **GRANTED**, as the claim is unexhausted and petitioner has abandoned the claim; and (2) respondents' motion to dismiss Ground 1(b) of the petition is **DENIED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to Grounds 1 and 3 of the petition within **forty-five (45) days** from the entry of this order.  The answer shall include substantive arguments on the merits as to Grounds 1 and 3 of the petition.  **No further motions to dismiss will be entertained**.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **forty-five (45) days** after being served with the answer.

1       **IT FURTHER IS ORDERED** that any further exhibits filed by the parties shall be filed

2   with a separate index of exhibits identifying the exhibits by number or letter.  A hard copy of any

3   additional exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of

4   the Clerk of Court.

5           Dated this 22nd day of March, 2016.

6

7

8                                 *Howard D M<sup>c</sup>Kibben*

9                               HOWARD D. McKIBBEN
                            UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28