# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ADOLFO JAVIER VILLA, aka,
RAMON VILLA CONTRERAS,

    Petitioner,

v.

ISIDRO BACA, *et al.*,

    Respondents.

3:14-cv-00343-HDM-VPC

**ORDER**

Petitioner Adolfo Javier Villa, a prisoner in the custody of the State of Nevada, brings this habeas action under 28 U.S.C. § 2254 to challenge his 2010 Nevada state conviction for attempted burglary. After evaluating his claims on the merits, this Court denies Villa's petition for a writ of habeas corpus, dismisses this action with prejudice, and denies a certificate of appealability.

**I. BACKGROUND**

Villa was indicted for attempted burglary, a felony. *See* Nev. Rev. Stat. § 205.060. He plead guilty under a plea agreement. (Exhibit 3).[1] He was sentenced as a "large" habitual criminal to a prison term of life with parole eligibility after ten years, consecutive to another prison term that he was serving at the time of his sentencing. (Exhibit 9).

On May 3, 2010, Villa appealed. (Exhibits 10, 11). The Supreme Court of Nevada affirmed. (Exhibit 14). On November 7, 2011, Villa filed a petition for a writ of habeas corpus in state court. (Exhibits 16, 18). The state district court denied the petition. (Exhibit 21). Villa appealed to the

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 14–16 (Exhibits 1–29) and ECF Nos. 25–27 (Exhibit 30–43). All page citations are to the page numbers of the documents themselves, rather than the ECF-generated page numbers.

Supreme Court of Nevada. (Exhibits 23, 24). The court affirmed on May 12, 2014. (Exhibit 29).

Villa filed a petition for a writ of habeas corpus in federal court. (ECF No. 4). Following a motion to dismiss, this Court dismissed Ground 2. (ECF No. 23 at 4). The State then filed an Answer to the remaining grounds, Ground 1 and 3. (ECF No. 24). In response, Villa filed what he styled as a "supplemental petition for writ of habeas corpus." (ECF No. 28).[2]

## II. FEDERAL HABEAS REVIEW STANDARDS

When a state court has adjudicated a claim on the merits, the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard for evaluating the state court ruling that is "difficult to meet" and "which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170 (2011). Under this highly deferential standard of review, a federal court may not grant habeas relief merely because it might conclude that the state court decision was incorrect. *Id.* at 202. Instead, under 28 U.S.C. § 2254(d), the court may grant relief only if the state court decision: (1) was either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. *Id.* at 181–88. The petitioner bears the burden of proof. *Id.* at 181.

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. *See, e.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003). A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions. *Id.* The Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them. *Id.* And "a federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." *Id.* at 16. A

---

[2] This Court treats this as a Reply rather than as a request to file an amended petition; if it were a request to file an amended petition, it would be denied.

2

decision that does not conflict with the reasoning or holdings of Supreme Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the state court's application of Supreme Court precedent to the facts of the case was not only incorrect but "objectively unreasonable." *See, e.g.*, *id.* at 18; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). When a state court's factual findings based on the record before it are challenged, the "unreasonable determination of fact" clause of 28 U.S.C. § 2254(d)(2) controls, which requires federal courts to be "particularly deferential" to state court factual determinations. *See, e.g.*, *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This standard is not satisfied by a mere showing that the state court finding was "clearly erroneous." *Id.* at 973. Rather, AEDPA requires substantially more deference:

> [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court's factual findings are presumed to be correct and the petitioner must rebut that presumption by "clear and convincing evidence." In this inquiry, federal courts may not look to any factual basis not developed before the state court unless the petitioner both shows that the claim relies on either (a) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (b) "a factual predicate that could not have been previously discovered through the exercise of due diligence" and shows that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

When a state court summarily rejects a claim, it is the petitioner's burden to show that "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

3

## III. ANALYSIS

### A. Ground 1

In Ground 1, Villa argues that he did "not receive effective assistance with regard to his plea" in violation of his Sixth Amendment right to counsel. (ECF No. 4 at 3). To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Because Villa pleaded guilty, he has to demonstrate "a reasonable probability that, but for counsel's errors, [a reasonable person in Villa's shoes] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985). The likelihood of that "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* at 59; *see also Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Hedlund v. Ryan*, 854 F.3d 557, 576 (9th Cir. 2017). Courts evaluate counsel's performance from counsel's perspective at the time and begin with a strong presumption that counsel's conduct well within the wide range of reasonable conduct. *See, e.g.*, *Beardslee v. Woodford*, 358 F.3d 560, 569 (9th Cir. 2004). When a state court has reviewed a *Strickland* claim, a federal court's habeas review is "doubly deferential"—the reviewing court must take a "highly deferential" look at counsel's performance through the also "highly deferential" lens of § 2254(d). *Pinholster*, 563 U.S. at 190, 202. Villa complains that his counsel "did not negotiate at all," "failed to explain to Mr. Villa the rights he was giving up, the charges he was facing, or the potential impact of the habitual criminal statute." (ECF No. 4 at 3). He further contends that his counsel was not "adequately prepared for sentencing." (*Id.*). The Supreme Court of Nevada rejected his claim because he failed to demonstrate either deficiency or prejudice. (Exhibit 29 at 2–3).

The specifics of Villa's complaints boil down to his allegation that his counsel recommended that Villa "simply throw himself on the mercy of the court, improperly suggesting [that counsel] could guarantee leniency." (ECF No. 4 at 4–5). Of course, that's not what counsel's recommendation suggested. It suggests that is what counsel thought was the best strategy; Villa does

4

not explain why that was deficient. And even if it did, the state trial court made certain that Villa knew that no one could promise him leniency—it was up entirely to the court to sentence him once it accepted his guilty plea. (Exhibit 37 at 3). Therefore, Villa has failed to establish a reasonable probability that he would not have accepted the plea deal even had counsel mistakenly suggested that he could guarantee leniency.

His other contention is that "one of the primary reasons that [his counsel] advised [him] not to go to trial was his own inexperience." (ECF No. 4 at 5). Indeed, Villa argues that his counsel was ineffective based on this statement. The mere fact counsel had only a year of experience by itself does not render counsel ineffective.

As to Villa's argument that counsel failed to explain to Villa his rights, the charges, or the impact of the habitual criminal statute, any such error was not prejudicial because the state trial court fully explained these to Villa, and he nonetheless agreed to waive his jury trial right and pleaded guilty. (Exhibit 37 at 3–5).

Finally, the record does not support the defendant's contention that his counsel "failed to negotiate at all." The record reflects that when there was another plea in another case that would have encompassed the charges in the present case, Villa refused it—therefore, the Supreme Court of Nevada properly held that he hadn't demonstrated a likelihood that he could have received any more favorable concessions.

The Supreme Court of Nevada's determination that counsel was no ineffective did not involve an unreasonable determination of fact, nor was it contrary to, or an unreasonable application of, federal law clearly established by the U.S. Supreme Court.

Ground 1 provides no basis for habeas relief.

**B.     Ground 3**

In Ground 3, Villa argues that he was denied his right to due process under the Fourteenth Amendment and his right to effective assistance of counsel under the Sixth Amendment at sentencing. (ECF No. 4 at 11).

At sentencing, the State mentioned that Villa was going to be charged in connection with four burglaries. Counsel objected to the inclusion of this information. In his federal petition, Villa argues that counsel was ineffective for failing to object to the fact that his DNA was found at the crime scene. (Exhibit 39 at 7–8; Exhibit 40 at 7). The Supreme Court of Nevada properly rejected this claim because Villa failed to demonstrate either deficiency or prejudice. (Exhibit 29 at 7).

Villa similarly argues that his counsel was ineffective because "looking at documents presented at sentencing . . . shows that Mr. Villa had only been sentenced twice by the California Court's [sic]." (ECF No. 4 at 11). The Supreme Court of Nevada did not address this claim, and the State has not argued that he failed to exhaust it, and therefore this Court reviews the claim de novo. His objection to this is based on the fact that the Nevada habitual criminal statute requires three felony convictions. *See* Nev. Rev. Stat. § 207.010. The record does not support Villa's conclusion that he was sentenced only twice. The presentence report and the record suport the application of the habitual criminal statute. Therefore, he cannot demonstrate either deficiency or prejudice.

Lastly, Villa argues that his sentence violated his Eighth Amendment right against cruel and unusual punishment. The Supreme Court of Nevada rejected this argument on its merits. (Exhibit 14 at 1–2). The "precise contours" of the gross disproportionality principle, the only principle established for the Eighth Amendment on this point, are "unclear" and warrant federal habeas relief only in "exceedingly rare cases." *Lockyer v. Andrade*, 538 U.S. 63, 72–23 (2003). The sentences here of ten years to life were not "grossly disproportionate" to his crimes, given his criminal history and attempts to hide it from the sentencing court. (*See, e.g.*, ECF No. 28 at 13).

Ground 3 provides no basis for habeas relief.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that **Villa's petition for a writ of habeas corpus is DENIED** on the merits, and this action is **DISMISSED with prejudice**.

Because reasonable jurists would not find this decision to be debatable or incorrect, IT IS FURTHER ORDERED that a **certificate of appealability is DENIED**. The Clerk of Court is

directed to **enter judgment, in favor of respondents and against Villa, dismissing this action with prejudice**.

DATED September 18th, 2017.

_____
Howard D. McKibben
Senior United States District Judge